06-4996-cv
Ricci v. DeStafano

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

———————

August Term, 2007

(Argued: December 10, 2007                               Decided: June 9, 2008)

Docket No. 06-4996-cv

———————

FRANK RICCI, MICHAEL BLATCHLEY, GREG BOIVIN, GARY CARBONE, MICHAEL
CHRISTOFORO, RYAN DIVITO, STEVEN DURAND, WILLIAM GAMBARDELLA,
BRIAN JOOSS, JAMES KOTTAGE, MATTHEW MARCARELLI, THOMAS J. MICHAELS,
SEAN PATTON, CHRISTOPHER PARKER, EDWARD RIORDAN, KEVIN ROXBEE,
TIMOTHY SCANLON, BENJAMIN VARGAS, JOHN VENDETTO AND MARK
VENDETTO,

Plaintiffs-Appellants,

-v-

JOHN DESTEFANO, KAREN DUBOIS-WALTON, THOMAS UDE JR., TINA BURGETT,
BOISE KIMBER, MALCOM WEBER, ZELMA TIRADO AND CITY OF NEW HAVEN,

Defendants-Appellees.

———————

Before:  POOLER, SACK and SOTOMAYOR, Circuit Judges.

———————

AFFIRMED.

———————

KAREN LEE TORRE, Attorney, New Haven, CT, <u>for Plaintiffs-Appellants</u>.

RICHARD A. ROBERTS, Attorney, Cheshire, CT  (Nicole C. Chomiak, Stacey L. Pitcher, and Todd J. Richardson, on the brief), <u>for Defendants-Appellees</u>.

————

PER CURIAM:

We withdraw our Summary Order of February 15, 2008.  <u>Ricci v. DeStefano</u>, 2008 U.S. App. LEXIS 3293, 2008 WL 410436 (2d Cir. Feb. 15, 2008).

Plaintiffs appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, J.) granting the defendants' motion for summary judgment on all counts.

We affirm, for the reasons stated in the thorough, thoughtful, and well-reasoned opinion of the court below.  <u>Ricci v. DeStefano</u>, 2006 U.S. Dist. LEXIS 73277, 2006 WL 2828419 (D. Conn., Sept. 28, 2006).  In this case, the Civil Service Board found itself in the unfortunate position of having no good alternatives.  We are not unsympathetic to the plaintiffs' expression of frustration.  Mr. Ricci, for example, who is dyslexic, made intensive efforts that appear to have resulted in his scoring highly on one of the exams, only to have it invalidated.  But it simply does not follow that he has a viable Title VII claim.  To the contrary, because the Board, in refusing to validate the exams, was simply trying to fulfill its obligations under Title VII when confronted with test results that had a disproportionate racial impact, its actions were protected.

**CONCLUSION**

The judgment of the district court is AFFIRMED.

2